## SHORT v. SCHOOL DIST. NO. 12.

No. 15940—Opinion Filed Jan. 19, 1926.

Rehearing Denied March 30, 1926.

**1. Deeds—Inclusion of Property Through Mutual Mistake.**

Where a deed conveys a tract of land upon which is situated a church and schoolhouse site, and cemetery, which has been occupied and used as such for more than 30 years, which fact is well known to the grantors and grantee in said conveyance, and no reservation of title is made, but it is evident that the inclusion of said tract occupied by the schoolhouse and cemetery was the result of inadvertence and mutual mistake, and the grantors had no intention to convey, and the grantee had no intention to purchase, the tract so occupied, said deed conveys no title to such tract occupied as a cemetery and school site.

**2. Appeal and Error—Review—Question of Fact—Existence of Mutual Mistake.**

The question of whether or not a mutual mistake exists, is one of fact, and where the evidence and circumstances offered, tending to establish a mutual mistake, and relied on to support the judgment of the trial court's finding that a mutual mistake was made, are clear and convincing, this court will not disturb the same on appeal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by W. W. Short against School District No. 12. Judgment for defendant, and plaintiff brings error. Affirmed.

Young, Haste & Powell, for plaintiff in error.

W. N. Lewis and H. W. Fielding, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Murray county by the plaintiff in error, as plaintiff, against defendant in error, as defendant, to recover possession of a certain tract of land, and to quiet title to same. On the trial of the case to the court without the intervention of a jury, judgment was rendered in favor of the defendant and against the plaintiff, from which judgment the plaintiff prosecutes this appeal.

The facts, as disclosed by the record, show that the tract of land in controversy was a portion of the allotment of Bisey Caton, nee Price, a full-blood Chickasaw Indian. and the land involved was a small tract of land upon which a school and church house was erected in about 1887, and a portion of said tract is used, and had been at all times since 1885, as a cemetery. Bisey Caton, nee Price, died in 1913, and subsequent to her death her entire allotment was conveyed by her heirs to the plaintiff in error, Short.

Plaintiff in his petition sets forth his mun-

iments of title, and in his second cause of action sets forth a condemnation proceeding, whereby the land 'n controversy was condemned by proceedings in the county court of Murray county for school district purposes, and Bisey Caton, nee Price, was paid $500, the appraised value of said premises, and plaintiff asks that this proceeding be set aside and vacated, and his title quieted, and also alleges that said proceeding was null and void for the reason that no jurisdiction, right, or authority vested in the county court to deprive a full-blood Indian citizen of title to his allotment, or any portion of the same, by condemnation proceedings.

Defendant in its answer sets up various defenses, but the principal contention made, and the defense relied upon, is based on the 7th paragraph of the answer, wherein the defendant avers that the land in controversy was included in the deed of conveyance to the plaintiff, Short, by the heirs of Bisey Caton, by reason of a mutual mistake of all the parties concerned; that it was not the intention of the heirs to convey the property here involved, nor was it the intention of the grantee, Short, appellant here, to purchase same, and that by inadvertence and oversight, no reservation of title to same was made in the deeds.

Appellant contends that a full-blood restricted Indian cannot be ·divested of title to lands selected as her allotment by prescription, limitation, adverse possession, or condemnation proceedings, and second, that the judgment should be reversed because of evidence improperly admitted; and that the judgment of the trial court was not supported by competent evidence. Appellee does not controvert the first proposition upon which appellant relies, but contends that there was ample competent evidence to support the judgment of the court, which proposition covers the second and third contentions that appellant urges. As we view it, the decisive question in this case is that of whether or ·not it was the intention of the parties, grantors and grantee, to the deeds of conveyance to convey this particular tract of land upon which the schoolhouse and cemetery are situated.

From an examination of the evidence it is disclosed that Mrs. Williams and Mrs. Ferguson, grantors named in the deed, daughters of Bisey Caton, nee Price, deceased, testified that at the time of the execution of the deed, they discussed the question here involved with the appellant, Short, giving him notice that they were not conveying the tract of land here in controversy; that they had no intention of conveying the tract of land occupied by the schoolhouse and cemetery, and that Mr. Short said that he was not buying the same. This conversation took place in the presence of Mr. Caton, another one of the heirs and grantors, and while he and one of the other heirs were placed upon the stand, it seems that they were not interrogated as to this particular matter.

The plaintiff, Short, admits in his evidence that there was such a conversation concerning the cemetery, but denies that anything was said concerning the schoolhouse. This tract of land was occupied by a school and church house and cemetery in territorial days, was so occupied when the allottee selected her allotment. It is evident that she at all times recognized the right of the public to use said premises, and evidently desired to give title to same. Her heirs, subsequent to her death, continued to so recognize the right of the public, and acquiesced in the use of the property by the public. Murray county established a school district, and continued to use the house for school purposes, and attempted to secure title to the property by condemnation proceedings, and paid a valuable consideration for same to Bisey Price, and the property had been used in this manner for more than 30 years at the time of the execution of the deeds of conveyance to Short. All of these facts were well known to Short, and to all of the heirs and grantors, and the contention of the appellees is a very natural, reasonable and plausible contention under the circumstances, and we think the evidence, in the light of these facts, amply sufficient to justify the trial court in its conclusion, and in holding that the conveyance of this property was by mutual mistake, and clearly justifies and supports the judgment rendered. The contention of appellant is not so reasonable or plausible, and is against public policy. This is an action in ejectment, and plaintiff must recover on the strength of his own title, and not upon the defects or invalidity of defendant's title. We therefore find that the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note:—See under (1) 18 C. J. p. 225 §141 (Anno); 27 R. C. L. p. 354; 5 R. C. L. Supp. p. 1471. (2) 4 C. J. p. 898 §2869.